UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NORREL ARMSTRONG,

    Plaintiff,

 -against-

781 METROPOLITAN JV LLC and THE
HONORABLE JOANNE D. QUIÑONES,

    Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
25-CV-6983 (NRM) (PK)

NINA R. MORRISON, United States District Judge:

 Plaintiff Norrel Armstrong, proceeding *pro se,* filed the above-captioned civil action against a property manager and an appellate judge, seeking to stay an order of eviction. ECF No 1. At the time he filed the complaint, on December 19, 2025, Plaintiff also submitted a proposed Order to Show Cause seeking the same relief. ECF No. 3. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, ECF No. 2, is granted for the limited purpose of this Order. For the reasons that follow, Plaintiff's complaint is dismissed and the proposed Order to Show Cause for immediate injunctive relief is denied.

## BACKGROUND

 Plaintiff states that he is the father and representative of L.A., a disabled minor child, who, Plaintiff alleges, has succession rights in a subsidized apartment previously occupied by the child's mother, who is now deceased. ECF No. 1 at 5. Plaintiff claims that the New York City Housing Authority approved "Section 8 succession," which he claims confers "a federal property interest." *Id.* He states:

1

"An eviction is scheduled for 12/31/2025, which will cause irreparable harm by terminating a federal subsidy and making a disabled person homeless without due process." *Id.* Plaintiff claims that "the state court has twice refused to sign a stay of eviction or hold a hearing." *Id.* Plaintiff requests an immediate temporary restraining order and a preliminary injunction to stay the eviction and "order the state court to hold a meaningful hearing on the federal succession rights of the disabled tenant." *Id.* at 6.

Plaintiff also filed a separate motion for an order to show cause for a preliminary injunction and temporary restraining order. ECF No. 3. In this motion, he also asserts claims under the Americans with Disabilities Act, alleging that "the court and landlord must provide reasonable accommodations to a qualified individual with a disability . . . to prevent discriminatory forfeiture of housing." *Id.* at 1. Plaintiff does not explain how Defendants discriminated against his daughter or identify reasonable accommodations.

Plaintiff attaches to the motion a copy of an unsigned stipulation of settlement in *781 Metropolitan JV, LLC v. Norell Armstrong, et al.*, Index No. L&T 323866-24KI, that would have required Plaintiff to pay more than $15,000 in back rent plus the November rent in exchange for his signature on a lease to commence November 1, 2025. ECF No. 3 at 5–6. He also attaches a partial copy of an order seeking a stay in the New York Appellate Division, Second Department of unspecified proceedings; the partial copy is marked "Refused" by the Honorable Joanne D. Quiñones. *Id.* at 19. Both Judge Quiñones and 781 Metropolitan JV,

LLC are named as Defendants.

## DISCUSSION

### I. Standard of Review

Courts are required to give special consideration to *pro se* litigants, those individuals who represent themselves in court. This means that *pro se* litigants are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it at least once. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

A federal statute, 28 U.S.C. § 1915(e)(2)(B), allows indigent plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts that show that the defendants may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include more than only "labels and conclusions" or a list of the elements of a cause of action. *Twombly*, 550 U.S. at 555. A complaint fails to state a claim if it includes only bare assertions with no factual details. *Iqbal*, 556 U.S. at 678.

Moreover, a federal district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks subject matter jurisdiction over the matter. An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). For example, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Additionally, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Chestnut v. Wells Fargo Bank, N.A.,* No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

A plaintiff seeking to invoke the Court's jurisdiction must also establish that he has standing, which requires him to demonstrate that he has suffered a "concrete and particularized injury." *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). If "the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the

4

federal court to resolve." *Id.* (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). A litigant proceeding *pro se* may represent her own interests but, in most cases, may not bring claims on behalf of anyone else unless the litigant is an attorney admitted to practice in this Court. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). In order for a parent or guardian to bring a lawsuit on behalf of a minor child, the parent or guardian must be represented by counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

## II.    The Anti-Injunction Act

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Where, as here, none of the enumerated exceptions apply, the Anti-Injunction Act functions as "an absolute prohibition against any injunction of any state-court proceedings." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977); *see Allen v. New York City Hous. Auth.*, No. 10-CV-168 (CM)(DCF), 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010)

("Courts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings."); *see also Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (affirming a district court's denial of a request to "enjoin summary eviction proceedings" as barred by the Anti-Injunction Act).

In this case, Plaintiff is asking this Court to intervene in a landlord-tenant proceeding in state court where it appears an order of eviction has already been entered and an appellate judge has declined to intervene. The Anti-Injunction Act prohibits this Court from interfering in these state court proceedings. Accordingly, the Court is unable to grant Plaintiff's request for injunctive relief.

### III.  Representing the Minor Child

Plaintiff has claimed that his daughter has a due process right to a federal housing subsidy and eviction protections and a right under New York City or State law to succession tenancy. He has also alleged that his daughter is entitled to reasonable accommodations under the Americans with Disabilities Act. Plaintiff has not established standing to bring these claims on his own behalf. He does not allege that he is himself a qualified individual with a disability or that he is entitled to any of these protections. Unless Plaintiff is an attorney admitted to practice in this Court, he may not represent his child in this action. Accordingly, any possible claims brought on behalf of the child are dismissed without prejudice.

### **CONCLUSION**

6

For the reasons set forth above, the action is dismissed under the Anti-Injunction Act and for lack of standing. Any claims brought on behalf of a minor child are dismissed without prejudice. Plaintiff's request for immediate injunctive relief by Order to Show Cause is denied. Should Plaintiff find counsel to proceed on behalf of his daughter, counsel may move to reopen this action and file an amended complaint within 30 days of the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to enter Judgment and mail a copy of this Order and the Judgment to Plaintiff and note the mailing on the docket.

Finally, if Plaintiff requires legal assistance in his state-court proceedings, he is encouraged to visit http://nyc.gov/site/hra/help/legal-services-for-tenants.page for more information on free legal help for tenants.

**SO ORDERED.**

/s/ Nina R. Morrison  
NINA R. MORRISON  
United States District Judge

Dated:   December 19, 2025  
　　　　 Brooklyn, New York

7